**FILED
CLERK**
12/10/2015 2:21 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARTFORD LIFE INSURANCE COMPANY,

        Plaintiff,

   -against-

SHATURA SIMONEE, STERLING
SIMONEE, THE ESTATE OF SAUNDRA
SIMONEE, and OYSTER BAY FUNERAL
HOME,

        Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-7520 (SJF)(ARL)

FEUERSTEIN, J.

    Plaintiff, Hartford Life Insurance Company ("Hartford" or "Plaintiff"), has moved to interplead three (3) potential beneficiaries with competing rights to the proceeds of a life insurance and accidental death and dismemberment insurance policy and for attorneys' fees. The motions are denied with leave to refile.

**I.    BACKGROUND**

    At the time of her death on September 27, 2013, Saundra Simonee ("Decedent"), a resident of New York, held a valid life insurance and accidental death and dismemberment insurance policy (the "Policy") underwritten by Hartford and valued at $43,750.00 (the "Policy Benefits"). [DE 1 at ¶ 4; DE 22-1 at 1-3]. Hartford does not dispute its obligation to pay the Policy Benefits. [DE 22-1 at 1]. Decedent's daughter, Shatura Simonee ("Shatura"), is the sole named beneficiary on the Policy; Decedent's son, Sterling Simonee ("Sterling"), is not named. *Id.* Decedent was unmarried at the time of her death. *Id.* at 3.

On October 16, 2013, Shatura asserted a claim to the Policy Benefits. [DE 22-2, Ex. D]. Hartford subsequently discovered that Decedent's death had been declared a "homicide" that was caused by "blunt impact injuries of [sic] head." [DE 22-2, Ex. C]. Hartford claimed that it was "told by a police detective familiar with Decedent's death that Shatura was charged with hindering prosecution and not reporting Decedent's death, and she was a suspect with respect to the cause of death." [DE 22-1 at 1]. Hartford became concerned that "[p]ursuant to New York's slayer law, an individual cannot profit from the murder of another," and that "Shatura may not have a viable claim to the [Policy] [B]enefits." *Id.* As a result, Hartford filed an interpleader action against the three (3) potential claimants on December 29, 2014.[1] [DE 1].

Decedent's estate (the "Estate") waived service of process; service was effected on Shatura who resides in New York. [DE 1 at ¶ 2; DE 22-1 at 4-5]. Hartford "performed internet searches which resulted in our concluding that Sterling resided at 2935 Antique Oaks Circle, Apartment 63, Winter Park, Florida 32792," but service upon him at his purported Florida address was unsuccessful. [DE 22-1 at 4].

> *[W]hen we attempted to serve Sterling there [in Florida], our process server was advised that he had moved. We attempted to serve Sterling at another address in Florida and one in New York. Our process server was advised that he no longer resided at either address.* Finally, as a result of a phone call to Sterling, Hartford was provided with an address that he could be served at between 1 and 2 p.m. on April 24, 2015. Accordingly, Sterling was personally served at the address he provided on April 24, 2015.

*Id.* at 4-5 (emphasis added). Sterling was successfully served at 25 Osborne Place, Rockville Center, NY 11570.[2] [DE 13]. Hartford "is a citizen of the State of Connecticut within the

---

[1] Hartford originally named Oyster Bay Funeral Home as another defendant in the action. [DE 1]. Oyster Bay Funeral Home was subsequently dismissed by consent order on January 23, 2015. [DE 8].

[2] On Plaintiff's Notice of Motion, Sterling's address is listed as "109 Orchard Street, Oyster Bay, New York 11771." [DE 22 at 2].

2

meaning and intent of 28 U.S.C. § 1332," the federal statute governing diversity jurisdiction. [DE 1 at ¶ 1].

On June 1, 2015, Shatura answered the complaint, stating that "I am currently incarcerated at Suffolk County Correctional Facility and I am not charged with murder." [DE 17]. On June 11, 2015, by Court order, Hartford deposited the Policy Benefits with the Clerk of the Court. [DE 18]. It then filed, on July 8, 2015, unopposed motions for interpleader relief and for attorneys' fees and costs. [DE 22].

**II. DISCUSSION**

*A. Standard of Review: Interpleader Actions*

An interpleader "is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Serv., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). An interpleader action may be brought pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, and Rule 22 of the Federal Rules of Civil Procedure. *Id.* Whether it is brought by rule or statute, courts adopt a two-step approach to evaluating the action. *Metropolitan Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013). "In the first step, a court must determine whether the interpleader action is appropriate, and, if it finds that the action . . . is appropriate, the plaintiff will be discharged from liability." *Id.* (citing *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)). "In the second step, the [c]ourt adjudicates the claims among the remaining adverse parties." *Id.* (citation omitted).

Pursuant to 28 U.S.C. § 1335: 1) the amount in controversy must be $500 or more; 2) the "[t]wo or more adverse claimants" claiming entitlement to the amount in controversy must be "of diverse citizenship"; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court. The diversity requirement "calls for only minimal diversity, that is, diversity of citizenship between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens." *Metropolitan Life Ins. Co.*, 966 F. Supp. 2d at 102. "[T]he citizenship of the plaintiff-stakeholder is irrelevant." *Aetna Life Ins. Co. v. Layton*, 836 F. Supp. 355, 356-57 (S.D.W.Va. 1993).

By contrast, Rule 22 of the Federal Rules of Civil Procedure "is merely a procedural device; it confers no jurisdiction on the federal courts [and] [t]hus, an interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction," either federal question or diversity jurisdiction. *Id.* at 357 (citing *Morango Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988), and *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993)); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). When the Rule 22 interpleader action is brought pursuant to diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There must also be "complete diversity of citizenship" between the stakeholder and claimants, although there need not be diversity between the claimants themselves. *Wells Fargo Bank, Nat'l Ass'n v. Davidson Kempner Capital Mgmt. LLC*, No. 13-cv-5981, 2014 WL 896741, at *1 n.1 (S.D.N.Y. Mar. 6, 2014); *Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1086 (D.Conn. 1984). In addition, the stakeholder is not obligated to deposit either the amount in controversy or a bond with the court, although the court may nevertheless order a deposit pursuant to its general equitable powers or

Rule 67 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 67; *New York Life Ins. Co. v. Aleandre*, No. 13-cv-2384, 2014 WL 30508, at *4 (S.D.N.Y. Jan. 2, 2014); *Gen. Acc. Grp.*, 593 F. Supp. at 1087. In other words, compared to rule interpleader and setting aside the difference in their respective monetary thresholds, "statutory interpleader relaxes the diversity jurisdictional requirements in exchange for the somewhat onerous requirement of depositing the [amount in controversy or a bond] with the Court." *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994).[3]

If the jurisdictional requirements are satisfied, the court next examines whether the interpleader action is "appropriate" by assessing "whether the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." *Metropolitan Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (internal citation and quotation marks omitted). The court "need not analyze the merits of the claims because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." *Id.* (internal citation and quotation marks omitted). If the court is satisfied that both the jurisdictional requirements have been met and interpleader is an appropriate remedy, then the plaintiff-stakeholder is discharged from liability, and the court proceeds to the second step of adjudicating the adverse claimants' respective claims. *Id.* (internal citation and quotation marks omitted).

---

[3] Rule 22 and statutory interpleader actions also have different requirements for service of process. Pursuant to Rule 22, the "usual service provisions" of Rule 4 of the Federal Rules of Civil Procedure apply. *Gen. Acc. Grp.*, 593 F. Supp. at 1087. By contrast, "nationwide service of process" pursuant to 28 U.S.C. § 2361 is available for statutory interpleader actions, "thus permitting a stakeholder to reach claimants in a number of states." *Id*. *See generally New York Life Ins. Co. v. Aleandre*, No. 13-cv-2384, 2014 WL 30508, at *4 (S.D.N.Y. Jan. 2, 2014) (explaining differences between statutory and rule interpleader); *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 460-65 (S.D.N.Y. 1994) (same); *Aetna Life Ins. Co. v. Layton*, 836 F. Supp. 355, 356-57 (S.D.W.Va. 1993) (same); *Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1086-87 (D.Conn. 1984) (same). The issue of service, however, is not triggered in this action and is not discussed further.

### B. *This Court Lacks Jurisdiction over the Action.*

Hartford seeks an order of interpleader pursuant to both 28 U.S.C. § 1335 and Rule 22. [DE 22-1 at 6-8]. Whether this Court possesses jurisdiction over the action depends upon Sterling's domicile.

Hartford is "a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332." [DE 1 at ¶ 1]. Shatura resides in New York. The Estate also resides in New York. *See* 28 U.S.C. § 1332(c)(2) ("For purposes of this section . . . the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Although Hartford stated in the complaint that Sterling resided in Florida, service of process upon Sterling was made in New York. As a result, Sterling's domicile is unknown for purposes of diversity jurisdiction.[4]

To satisfy the jurisdictional requirements of statutory interpleader, the action must first have an amount in controversy of $500 or more. Because the Policy Benefits total $43,750.000, the monetary threshold is satisfied. Hartford has also deposited the Policy Benefits with the Clerk of the Court, as statutorily mandated. [DE 18]. The final requirement for statutory interpleader is that the "[t]wo or more adverse claimants" claiming entitlement to the amount in controversy must be "of diverse citizenship," meaning that there must be "diversity of citizenship between [the] two or more claimants without regard to the circumstance that other rival

---

[4] Although Sterling was served in New York, service of process and domicile for purposes of diversity jurisdiction are separate and unrelated legal concepts. *See also Minnesota Min. and Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 323 (D.Minn. 1980) ("[T]he purposes underlying diversity of citizenship jurisdiction on the one hand and service of process on the other are wholly different."). Although Hartford has listed a New York address for Sterling on its Notice of Motion, it has provided no evidence and made no assertions affirming the validity of that address. In any event, because statutory jurisdiction pursuant to 28 U.S.C. § 1335 requires minimal diversity between the claimants, this Court would still lack statutory jurisdiction even if Sterling was found to be domiciled in New York.

claimants may be co-citizens." *Metropolitan Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013). Shatura and the Estate are both domiciled in New York; Hartford must establish Sterling's domicile in a state other than New York to satisfy jurisdiction. Because Hartford has failed to do so, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1335.

Hartford further contends that this Court possesses jurisdiction pursuant to Rule 22. *See* Fed. R. Civ. P. 22. Rule 22, in an action brought on the ground of diversity, requires an amount in controversy exceeding $75,000 and complete diversity between Plaintiff, on the one side, and Shatura, the Estate, and Sterling, on the other side. *See id.*; 28 U.S.C. § 1332. Here, the $43,750.00 Policy Benefits fall short of the $75,000 monetary threshold. The deficiency is sufficient, standing alone, to defeat this Court's diversity jurisdiction. Moreover, as Hartford has not shown that Sterling is domiciled in any state, it has also failed to establish complete diversity. As a result, this Court lacks jurisdiction pursuant to Rule 22 or 28 U.S.C. § 1332. Therefore, Hartford's motion for interpleader relief is denied with leave to refile.

### C. *Plaintiff's Motion for Attorneys' Fees and Costs is Denied.*

In the Court's discretion, and because Hartford has not established this Court's jurisdiction over the action, Hartford's motion for attorneys' fees and costs is denied. *See Perlman v. Fidelity Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 419 n.17 (E.D.N.Y. 2013) ("Because . . . the Court declines to exercise jurisdiction over [the] interpleader counterclaim, the Court similarly declines to grant [the] attorney's [sic] fees against the interpleader fund or taxed against one of the parties, as requested."); *Metropolitan Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013) (internal citations and quotation marks omitted) ("[T]he decision to award fees and costs . . . is left to the sound discretion of the district court. . . . Moreover, courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the

ordinary course of business. This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business. Indeed, courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions.").

## III. CONCLUSION

For the reasons stated above, Plaintiff's motions for an order of interpleader and for attorneys' fees are denied with leave to refile.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: December 10, 2015  
       Central Islip, New York