UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARTFORD LIFE INSURANCE COMPANY,

                    Plaintiff,

   -against-

SHATURA SIMONEE, STERLING SIMONEE, THE
ESTATE OF SHAUNDRA SIMONEE, and OYSTER
BAY FUNERAL HOME,

                    Defendants.
------------------------------------------------------------------X

**ORDER**
14-cv-7520 (SJF)(ARL)

**FEUERSTEIN, District Judge:**

Plaintiff Hartford Life Insurance Company ("Plaintiff" or "Hartford") commenced this interpleader action against Defendants Shatura Simonee, Sterling Simonee, the Estate of Shaundra Simonee (the "Estate"), and Oyster Bay Funeral Home (collectively, "Defendants") seeking, *inter alia*, an order declaring and adjudging the lawful and proper beneficiaries of an insurance policy.[1] *See* Docket Entry ("DE") [1]. Presently before the Court is Hartford's motion for interpleader relief pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. DE [31]. For the reasons set forth herein, Hartford's motion is granted.

**I.    BACKGROUND**

    **A.  Factual Background**

Hartford issued a group insurance policy to the New York State School Districts Life Insurance Trust, Boces of Nassau County (the "Policy"). Compl., DE [1], ¶ 10. As a teacher for the Boces of Nassau County, Shaundra Simonee (the "Decedent") was eligible to receive forty-three thousand, seven hundred and fifty dollars ($43,750.00) in coverage benefits under the Policy, including twenty thousand dollars ($20,000.00) in basic life insurance coverage, twenty thousand

---

[1] Oyster Bay Funeral Home was dismissed from this action pursuant to a January 23, 2015 Consent Order. DE [8].

1

dollars ($20,000.00) in accidental death and dismemberment coverage, and three thousand, seven hundred and fifty dollars ($3,750.00) in benefits for child education, daycare, and spousal education (collectively, the "Policy Benefits"). *Id.* at ¶¶ 10, 16. Pursuant to the Policy, coverage benefits "will be paid in accordance with the life insurance Beneficiary Designation." *Id.* at ¶ 12. Decedent designated her daughter, Shatura Simonee ("Shatura"), as the primary beneficiary under the Policy. *Id.* at ¶ 11. The Policy further provides:

> If no beneficiary is named, or if no named beneficiary survives You, We may, at Our option, pay:
>
> 1) the executors or administrators of Your Estate;
>
> 2) all to Your surviving spouse;
>
> 3) if Your spouse does not survive You, in equal shares to Your surviving children; or
>
> 4) if no child survives You, in equal shares to Your surviving parents.

*Id.* at ¶ 13. Decedent was not married, and Shatura and Sterling Simonee ("Sterling") were her only children. *Id.* at ¶ 17.

Decedent died on September 27, 2013. *Id.* at ¶ 14. Her Certificate of Death lists "homicide" as the manner of death, and "blunt impact injuries of [the] head" as the cause of death. *Id.* at ¶ 15. An unidentified police detective familiar with Decedent's death advised Hartford that Shatura was a suspect with respect to the cause of Decedent's death, and that Shatura had been charged with hindering prosecution and not reporting Decedent's death to the police. *Id.* at ¶ 21. The Suffolk County District Attorney's Office advised Hartford that it was unable to release additional information as the matter was pending as a criminal case. *Id.* at ¶ 22. On October 16, 2013, Shatura asserted a claim to the Policy Benefits. *Id.* at ¶ 18.

## B. Procedural Background

By way of an Interpleader Complaint dated December 29, 2014, Hartford commenced this action, requesting "that the Court determines to whom [the] Policy Benefits should be paid." *Id.* at ¶ 29. According to Hartford, "[p]ursuant to New York's slayer law, an individual cannot profit from the murder of another." *Id.* at ¶ 23. Therefore, although Hartford "claims no interest in the [Policy Benefits]," it alleges that it "has no way of determining whether Shatura Simonee's claim is valid or who is the rightful beneficiary of the Policy Benefit payable as a consequence of the Decedent's death." *Id.* at ¶¶ 24, 27. Hartford seeks, *inter alia*, an order: (i) declaring and adjudging the lawful and proper beneficiaries under the Policy; (ii) enjoining Defendants from instituting or prosecuting any other suit, cause of action, or civil proceeding seeking benefits or asserting damage claims arising under the Policy; and (iii) awarding Hartford its costs and attorneys' fees. DE [1]. On June 11, 2015, Hartford deposited the Policy Benefits plus interest, in the total amount of forty-four thousand, thirty-five dollars and twenty-seven cents ($44,035.27), with the Clerk of Court. DE [18].

On July 8, 2015, Hartford filed a motion seeking interpleader relief and attorneys' fees pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. DE [22]. According to Hartford, it is "an innocent stakeholder at risk of being exposed to double liability arising from potentially competing claims to life and accidental death and dismemberment benefits payable as a consequence of the death of Saundra Simonee." *Id.* at 1. On December 10, 2015, the Court denied Plaintiff's motion without prejudice as Hartford failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1335. *See Hartford Life Ins. Co. v. Simonee*, No. 14-CV-7520, 2015 WL 8490998, at *4 (E.D.N.Y. Dec. 10, 2015). As Hartford alleged that Sterling resided in Florida but was served in New York, his "domicile [was] unknown for purposes of diversity

jurisdiction," and Hartford was required to "establish Sterling's domicile in a state other than New York to satisfy jurisdiction." *Id.* at *3. The Court further denied Hartford's motion for attorneys' fees and costs "because Hartford ha[d] not established this Court's jurisdiction over the action . . . ." *Id.* at *4.

On March 16, 2016, Hartford filed the instant unopposed motion, again seeking interpleader relief pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22.[2] DE [31]. With the instant motion, Hartford submitted a Certification of Sterling Simonee (the "Sterling Cert."), in which Sterling stated that until approximately April 2015, he resided at 2935 Antique Oaks Circle, Apartment 63, Winter Park, Florida. *See* Sterling Cert., DE [31-3], ¶ 1. In April 2015, Sterling moved to 25 Osbourne Place, Rockville Center, New York. *Id.* at ¶ 2. Sterling stated that he is currently a resident of New York. *Id.*

## II.  LEGAL STANDARD

An interpleader "is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). Two forms of interpleader exist: "rule interpleader, as set forth in the Federal Rule of Civil Procedure 22; and statutory interpleader, as set forth in 28 U.S.C. § 1335." *6247 Atlas Corp. v. Marine Ins. Co., Ltd., No. 2A/C*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994). Whether an interpleader action is brought pursuant to rule or statute, courts apply a two (2)-step approach in evaluating the claim. *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013). In the first step, "the Court determines whether the jurisdictional requirements

---

[2] In the instant motion, Hartford did not renew its request for attorneys' fees and costs. DE [31].

4

of Section 1335 have been met and, if it finds they have been, the Court discharges the plaintiff from liability." *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 716 (E.D.N.Y. 2012); *see also Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F. Supp. 2d 126, 130 (E.D.N.Y. 2006) ("First, the Court must determine whether the pre-requisites for an interpleader action . . . are satisfied."). In the second step, "the Court adjudicates the claims among the remaining adverse parties." *New York Life Ins. Co.*, 841 F. Supp. 2d at 717.

## III. DISCUSSION

Applying these standards, and for the reasons set forth herein, Hartford's motion is granted.

### A. **Jurisdictional Requirements**

Pursuant to 28 U.S.C. § 1335, "a plaintiff that commences an interpleader action must allege: (1) that it is in possession of a single fund of value greater than $500; (2) a real and reasonable fear of double liability or vexatious, conflicting claims; and (3) that it has deposited or is depositing the fund with the court." *New York Life Ins. Co.*, 841 F. Supp. 2d at 717. Additionally, "a federal district court may only take jurisdiction over an interpleader action where there are '[t]wo or more adverse claimants, of diverse citizenship.'" *FVA Ventures, Inc. v. BMO Harris Bank, N.A.*, No. 12-CV-2876, 2012 WL 4863210, at *4 (E.D.N.Y. Oct. 12, 2012) (quoting 28 U.S.C. § 1335(a)); *see also Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 393 (S.D.N.Y. 2006) ("The citizenship of the stakeholder is irrelevant for jurisdictional purposes in statutory interpleader actions."). Section 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 87 S. Ct. 1199, 1203 (1967).

Hartford has satisfied the requirements of the first stage of an interpleader action. First, the Policy Benefits exceed five hundred dollars ($500.00) and have been deposited with the Clerk of Court. *See* Compl. ¶ 16; DE [18]. Moreover, because Hartford "is unsure of the proper and lawful beneficiary and fears that the payment of the Policy Benefit may subject it to additional liability to another claimant," *see* DE [31-1] at 4, it has presented evidence of a "real and reasonable fear of double liability or vexatious, conflicting claims." *New York Life Ins. Co.*, 841 F. Supp. 2d at 716; *see also Fidelity Brokerage Servs., LLC*, 192 F. Supp. 2d at 178 (holding that interpleader was appropriate where the plaintiff "was faced with multiple claims against the same pool of assets that were real and not fancied") (internal quotation omitted). Therefore, as the Court previously held, "[w]hether this Court possesses jurisdiction over the action depends upon Sterling's domicile." *Hartford Life Ins. Co.*, 2015 WL 8490998, at *3.

Hartford has presented clear and convincing evidence that Sterling was a citizen of Florida when it commenced the instant action on December 29, 2014. *See* Sterling Cert. ¶ 1. Although Sterling subsequently moved to New York in approximately April 2015, *id.* at ¶ 2, it is "hornbook law that the question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties ***at the time the action is commenced*** . . . ." *Reynolds v. Wohl*, 332 F. Supp. 2d 653, 656 (S.D.N.Y. 2004) (emphasis in original) (internal quotation omitted); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). Because Sterling was a citizen of Florida and Shatura and the Estate were citizens of New York when Hartford commenced this action, diversity of citizenship existed. Therefore, the Court has statutory jurisdiction over this action pursuant to 28 U.S.C. § 1335.

B. **Appropriate Relief**

Hartford seeks an Order: (i) compelling Defendants to litigate, adjust, or settle their respective and lawful entitlement to the Policy Benefits among themselves, or, in the alternative, for the Court to determine the proper recipient of the Policy Benefits; (ii) discharging and absolving Hartford from any further liability to Defendants with respect to the Policy Benefits; (iii) enjoining Defendants from instituting or prosecuting any other suit, cause of action, or proceeding against Hartford seeking to recover the Policy Benefits; and (iv) dismissing Hartford from this action with prejudice.[3] *See* Notice of Motion, DE [31]; Proposed Order, DE [31-4].

Pursuant to 28 U.S.C. § 2361, "[i]n any civil action of interpleader . . . under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action . . . ." 28 U.S.C. § 2361. The district court "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." *Id.* Courts applying 28 U.S.C. § 2361 have granted nearly identical relief to that which Hartford currently seeks. *See, e.g.*, *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 319-20 (S.D.N.Y. 2014) (enjoining the defendants from making further claims against insurance policy benefits and discharging the plaintiff from further liability); *New York Life Ins. Co.*, 841 F. Supp. 2d at 719-20 (holding that it was appropriate to dismiss the plaintiff with prejudice and enjoin the defendants from commencing other actions or proceedings seeking payment of insurance policy benefits); *see also Marcus v.*

---

[3] Although Hartford has not expressly renewed its request for attorneys' fees and costs, as the Court previously observed, "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Hartford Life Ins. Co.*, 2015 WL 8490998, at *4 (citing *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 104). Because Hartford does not claim to have incurred expenses other than during the ordinary course of business, the Court again declines to award attorneys' fees and costs.

7

*Dufour*, 796 F. Supp. 2d 386, 390 (E.D.N.Y. 2011) ("Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss him from the case."). Because Hartford has satisfied the jurisdictional requirements of 28 U.S.C. § 1335, and there is no indication that it is independently liable to any claimant, it is entitled to be dismissed from this action and released and discharged from further liability to Defendants. Although Defendants will be required to litigate, adjust, or settle their respective and lawful entitlement to the Policy Benefits, they have neither briefed that issue nor responded to the instant motion. Therefore, the Court declines to determine the proper recipient of the Policy Benefits at this time.

Based on the foregoing, Hartford is discharged from further liability with respect to the Policy Benefits, Defendants are enjoined from instituting or prosecuting any proceeding against Hartford with respect to the Policy Benefits, and Hartford is dismissed from this action with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, Hartford's motion is granted. Plaintiff is dismissed from this action with prejudice and is released and discharged from any further liability to Defendants arising out of the Policy or with respect to the Policy Benefits. Defendants are enjoined from instituting or prosecuting any other suit, cause of action, or proceeding against Plaintiff seeking to recover the Policy Benefits.

Dated: Central Islip, New York
November 9, 2016

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

8